THE CITY OF NEW YORK, Respondent, *v.* HARRY B. CHAMBERS and HARRY H. CHAMBERS, Practicing Law as CHAMBERS & CHAMBERS, Appellants, Impleaded with HARRIS GOLDMAN and Others, Defendants.

First Department, January 26, 1940.

*Harry H. Chambers* of counsel [*Harry B. Chambers* and *Joseph B. Kenny* with him on the brief; *Chambers & Chambers*, attorneys], for the appellants.

*Joseph F. Mulqueen, Jr.,* of counsel [*Paxton Blair* with him on the brief; *William C. Chanler, Corporation Counsel*], for the respondent.

GLENNON, J. This is an action to recover from the appellants and others the sum of $1,444.82 which represents unpaid water

charges for water consumed prior to May 2, 1930, on certain property which was condemned by the plaintiff in the widening of Allen street, borough of Manhattan, city of New York. An award in the amount of $60,000 together with interest was made to the lessees for the taking of their leasehold interest in the property which was owned by one Edward Albert Ridley. Pursuant to an order of the court the fund set aside for this purpose was deposited in the city chamberlain's office, pending the outcome of certain litigation pertaining to the claim of the appellants for attorneys' fees.

There is no question but that the amount sued for should have been paid by the lessees or deducted from the money which they received. However, through error on the part of the chamberlain or his subordinates, the award was paid in full without taking into consideration the city's lien for water charges.

An official referee was appointed in 1932 " to hear and report the issues of lien and compensation of Chambers & Chambers." The lessees, so it appears, had resisted payment of the attorneys' fees. The city was not a party to the proceedings. At the conclusion of the hearings, a report was filed and an order was entered at Special Term directing the city chamberlain to pay to Chambers & Chambers the amount of money which they subsequently received. Pursuant to the terms of that order, which was dated January 11, 1933, the balance of the award was divided and the chamberlain was directed to pay one-third thereof to Harris Goldman, one-third to Fannie Malzman, as administratrix of the estate of Pincus Malzman, and one-third to Fannie Siegel, as executrix under the last will and testament of Harris Siegel. Later, an appeal having been taken by the clients, the order was affirmed by this court. (See *Matter of City of New York* [*Allen St.*], 148 Misc. 488; 239 App. Div. 775.)

The appellants, Chambers & Chambers, collected the amount which was adjudged to be due them for their services. The codefendants, named in the complaint, also collected their shares of the award in full since the city chamberlain failed to deduct the amount due for water charges.

By the complaint, which was verified July 27, 1939, the city seeks to hold appellants for the amount of its lien for water charges on the theory that the sum sued for was paid under a mistake of fact. The appellants contend that, as to them, no cause of action exists and consequently they maintain that the complaint should have been dismissed.

While it is contended by the plaintiff that on a motion of this character the material allegations of the complaint must be taken

as true, still, conceding that to be so, we are of the opinion that facts sufficient may be gleaned from the pleading to indicate that no cause of action exists against the appellants. Concededly the latter were not responsible for any of the water which was consumed by the codefendants on the property which was condemned. They were entitled to a percentage of the amount of the award. Their lien against their clients for attorneys' fees was not burdened with the city's lien for water charges. The mistake in paying the codefendants, who owed the money, the full amount of their respective awards, without deducting therefrom the water charges, cannot be and should not be saddled upon the shoulders of the appellants. We deem it a waste of time and effort on the part of the plaintiff to proceed with this litigation which ultimately cannot be successful.

Under the circumstances, the order appealed from should be reversed, with twenty dollars costs and disbursements, and the motion to dismiss the complaint granted.

MARTIN, P. J., O'MALLEY, TOWNLEY and UNTERMYER, JJ., concur.

Order unanimously reversed, with twenty dollars costs and disbursements, and motion granted.